COLLOTON, Circuit Judge,
concurring in part and concurring in the judgment.
I concur in the judgment of the court and most of its opinion, but I would address the appellants’ third argument a bit differently. The appellants argue that because the first one or two incidents of sexual harassment in this case were severe and unanticipated, they had an actionable claim from the beginning of the harassment, and the affirmative defense to liability announced in Faragher v. City of Boca Raton, 524 U.S. 775, 807-08, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), and Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), should thus not be available to the employer. It seems to me that the answer to the appellants’ contention is not merely that this case involved ongoing harassment (as did Faragher and Ellerth) rather than a single act of harassment. Cf ante, at 978-79. The Court in Faragher and El-lerth did not address an argument that either employer had created an actionable hostile work environment in the first one or two incidents of harassment, such that the employees had no opportunity to prevent the harm before it occurred. In announcing the affirmative defense under the circumstances of the Ellerth case, the Court seemed to contemplate that it “could encourage employees to report harassing conduct before it becomes severe or pervasive,” 524 U.S. at 764, 118 S.Ct. 2257 (emphasis added), that is, before it is actionable. Similarly, in Faragher, the Court explained the affirmative defense by saying that “[i]f the victim could have avoided harm, no liability should be found against the employer who had taken reasonable care.” 524 U.S. at 807, 118 S.Ct. 2275. The defense was unavailable in Faragher because the employer had failed to exercise reasonable care to prevent harassment. Id. at 808, 118 S.Ct. 2275.
The reason why I believe the appellants’ third argument fails is that it is foreclosed by our decision in McCurdy v. Arkansas State Police, 375 F.3d 762 (8th Cir.2004). McCurdy considered a question not directly addressed in Ellerth and Faragher, and held that an affirmative defense to liability is available even where a severe act of sexual harassment by a supervisor creates an actionable hostile work environment before the employee has an opportunity to make a complaint, as long as the employer “takes swift and effective action to insulate the complaining employee from further harassment the moment the employer learns about the harassing conduct.” Id. at 771. Like the plaintiff in McCurdy, the appellants here claim that the employer may not rely on an affirmative defense to liability (as opposed to damages) when a severe act of harassment creates an actionable work environment prior to the time when the employee reasonably could be expected to report the harassment. That argument fails in light of McCurdy.